21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosa Elena CASTANEDA-SANDOVAL, Defendant-Appellant.
 No. 93-10349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
March 31, 1994.
 
 Before: D.W. NELSON, BOOCHEVER, and BEEZER, Circuit Judges.
 
 MEMORANDUM[1]
 OVERVIEW
 
 1
 Rosa Elena Castaneda-Sandoval was arrested at the Nogales Port of Entry when INS agents found 80 pounds of marijuana in a hidden compartment of her car. Castaneda consistently has maintained that she did not know she was carrying drugs or how they ended up in her car. The government's case largely consisted of impeaching Castaneda's testimony. In doing so, the government impermissibly used "drug courier profile" evidence to prove that Castaneda must have known about the drugs. Because the district court's erroneous admission of the evidence was highly prejudicial, we reverse Castaneda's conviction.[2]
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Castaneda was arrested at the Nogales Port of Entry, and was charged with importation of marijuana and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 952(a) & 841(a)(1). Castaneda was found guilty and sentenced to 21 months in custody and 3 years of supervised release. This appeal was brought in forma pauperis.
 
 
 3
 On April 15, 1992, Castaneda, who is a permanent United States resident, and her three children (ages 1, 3, and 5) were stopped at the Port of Entry. After being questioned at the primary inspection lane, they were referred to the secondary inspection area, where an INS inspector, using a narcotics dog, found approximately 80 pounds of marijuana hidden in a secret compartment between the back seat and the trunk of her vehicle.
 
 
 4
 According to the government, Castaneda knew the drugs were in her car. The government, however, introduced no evidence of Castaneda's knowledge. Instead, it introduced evidence to show that Castaneda was not a credible witness. For example, one of the government's witnesses testified that during a post-arrest interrogation, Castaneda gave inconsistent answers regarding her destination and refused to answer some of the questions regarding whom she was going to stay with in the United States.
 
 
 5
 At trial, the government introduced evidence that drug couriers do not necessarily appear nervous while crossing the border and that couriers often use children as decoys. In addition the government stated in both its opening and closing arguments that Castaneda herself used her children as decoys to reduce the risk of being caught at the port of entry.
 
 
 6
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 
 7
 Castaneda maintains that the district court committed reversible error by allowing the government to introduce the drug courier profile evidence regarding nervousness and the use of children as decoys.
 
 
 8
 The government concedes that it introduced drug courier profile evidence when one of its witnesses testified that drug couriers often do not appear nervous and they are known to use children as decoys. According to the government, however, this evidence was admissible because it was used as rebuttal evidence after the defense had "opened the door" by maintaining that Castaneda's lack of nervousness was evidence that she did not know she was carrying the drugs and thus was innocent.
 
 
 9
 The district court's admission of the government's expert witness' testimony regarding drug courier profile evidence is reviewed for abuse of discretion. United States v. Lui, 941 F.2d 844, 846 (9th Cir.1991).
 
 
 10
 The Supreme Court has defined "1e (1) "as rebuttal testimony where defendant has 'opened the door' by emphasizing the fact that he [or she] did not fit the stereotype of a drug smuggler," United States v. Lim, 984 F.2d 331, 335 (9th Cir.) (citing United States v. Beltran-Rios, 878 F.2d 1208, 1211 (9th Cir.1989)), cert. denied, 113 S.Ct. 2944 (1993); or (2) "to establish modus operandi, but only in exceptional, complex cases." Id. at 335 (citing Lui, 941 F.2d at 848).
 
 
 11
 Under Beltran-Rios, 878 F.2d at 1212, once Castaneda's attorney suggested that the jury should infer from Castaneda's lack of nervousness that she was innocent, the door was opened for the government to offer drug courier profile evidence as rebuttal evidence on this point. Thus, the district court properly admitted the testimony regarding the issue of nervousness. On redirect, however, the government went beyond the issue of nervousness and asked whether "[a] woman who is traveling with three minor kids might look less suspicious at a Port of Entry than someone else." [Blue Brief at 9]. The question exceeded the scope of the defense's contention regarding nervousness and thus did not fall under the Beltran-Rios exception. The Beltran-Rios court emphasized that its holding was a "narrow one." 878 F.2d at 1213 n. 2. Under Beltran-Rios, "the Government may introduce profile testimony of this sort only to rebut specific attempts by the defense to suggest innocence based on the particular characteristics described in the profile." Id. (emphasis supplied). The defense never suggested that the fact that Castaneda had her children with her was evidence of innocence. Given the narrow scope of the exception set forth in Beltran-Rios, the profile evidence on this point should not have been admitted. Accordingly, we hold that the district court abused its discretion in admitting profile evidence regarding the use of children as decoys.
 
 
 12
 The government maintains that even if the district court erred in allowing the government to introduce this evidence, the error was harmless. We disagree.
 
 
 13
 The crucial issue in this case was whether Castaneda knew that the drugs were hidden in her car. Because Castaneda fit the government's description of a typical drug courier, the drug courier profile evidence regarding the use of children as decoys was highly prejudicial. Thus, admitting such evidence was not harmless error. Furthermore, the prejudicial effect of this erroneous admission was compounded by the government's assertions in both its opening and closing arguments that Castaneda used her children as decoys. This case turned on whether the jury believed Castaneda. The prosecutor's assertions in his opening and closing arguments made Castaneda look like a bad mother who was willing to use her children to succeed in a drug trafficking operation. These statements were highly inflammatory and had a damaging effect on Castaneda's credibility. More probably than not, the admission of the drug courier profile evidence materially affected the jury's determination of Castaneda's guilt and, therefore, the error was not harmless. See Lui, 941 F.2d at 848 (citing United States v. Echavarria-Olarte, 904 F.2d 1391, 1398 (9th Cir.1990)).
 
 CONCLUSION
 
 14
 We hold that the district court improperly admitted drug courier profile evidence. Because this error cannot be considered harmless, we must reverse Castaneda's conviction and remand the proceedings to the district court. We find it unnecessary to reach the other issues.
 
 
 15
 THE MANDATE SHALL ISSUE FORTHWITH.
 
 
 16
 REVERSED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 We note a serious problem concerning the law of the case, in view of Judge Bilby's ruling that Agent Lack could not testify as to Inspector Alvarez's interpretation of Castaneda's statements, which was changed at trial by Judge Shanstrom. See United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1991) (it is error for a court to reverse a prior evidentiary ruling rendered in the same case absent clear error or changed circumstances); United States v. Nazemian, 948 F.2d 522 (9th Cir.1991) (setting forth criteria for admissability of agent's testimony as to defendant's translated statements). Because we do not know if the case will be retried or whether the issue will arise in the event of such a retrial, we elect not to rule on it here